**ILI of Ofu, Plaintiff**

v.

**TOGIAI of Ofu, Defendant**

No. 44-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Mao" of Ofu]

April 28, 1948

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo, American Samoa, April 23, 1948.
Lopati, counsel for Ili; Laumua, counsel for Togiai.

MORROW, *Chief Justice.*

This proceeding is to determine the right to the succession of the matai name Mao of Ofu. Togiai filed an application on February 26, 1947 to be registered as the holder of the name. Ili (also known as Tauiliili) filed an objection to such proposed registration on March 17, 1947. On September 10, 1947 Ili asked the court to permit Siva to be substituted as the objector. The 30 days for filing objections having long since expired the court could not of course permit Siva to be substituted for Ili as a candidate for the name. However, the court cannot overlook the fact that this request on the part of Ili to allow Siva to be substituted for him is an indication that Ili is not particularly desirous of holding the name Mao.

The requirements for succession to matai title are set out in Sec. 926 of the Code. It is clear from the evidence that each of the candidates meets the requirements of this section and is eligible to succeed to a matai title.

Sec. 933 of the Code prescribes that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Both candidates filed petitions signed by various members of the Mao family in support of their respective candidacies. There were 75 signatures on the petition for Ili and 30 on the petition for Togiai. Ili objected to one of the signers on Togiai's petition claiming that since he was only married to a woman in the Mao family he was not to be

considered a member of that family. The court does not believe that under Samoan custom this objection is well taken. In view of the fact that Ili has 75 signatures on his petition and Togiai has only 30 on his it is clear that Ili prevails over Togiai on the issue of "the wish of the majority or plurality of the family."

Ili is 52 years of age. He has plantations. He sells from $200 to $300 worth of copra a year and receives annually about $100 from the sale of mats. He said he spoke very little English. He was clerk of District Court No. 6 for a few years. He completed the third grade in a mission school. He also did a portion of the work of the fourth grade but had to quit school because of illness.

Togiai, 40 years of age, has plantations from which he sells about $400 worth of copra per year. He has an income of about $300 per year from the sale of mats. He demonstrated to the court that he speaks broken English. At one time he was a policeman for the Pulenuu of his village. He completed the sixth grade in Poyer School.

The court observed the personalities of the two candidates at the time of the trial. Togiai is 12 years younger than Ili and a more vigorous man. It is our opinion in the light of what we observed and the evidence adduced at the hearing that Togiai prevails over Ili on the issue of "forcefulness, character, personality and capacity for leadership".

Togiai is a grandson of Mao Samusamu. He has onefourth Mao blood in his veins. Ili is the great grandson of Mao Tauiliili. He has one-eighth Mao blood in his veins. In view of these facts Togiai has the better hereditary right to the name Mao and prevails over Ili on the issue of hereditary right.

We believe also that Togiai prevails over Ili on the issue of the value of the holder of the matai name to the Government of American Samoa. Togiai is much younger than Ili

and in the prime of life. Presumably if awarded the title the affairs of the Mao family with respect to the mataiship will be settled for a much longer period than they would be if the court should award the title to Ili. Togiai has more income than Ili and is better able financially to look after the affairs of the family in case of need than is Ili. This greater income may be due in part to Togiai's youth and vigor. Togiai has almost twice as much formal education as Ili and he speaks English very much better than the latter. We think for these two latter reasons that he will be better able to handle the affairs of the family in its future dealings with the government.

In view of the fact that we find that Togiai prevails over Ili on the second, third and fourth issues and that Ili prevails over Togiai on the first issue only, it follows that under the law and the evidence the Court is required to award the title Mao to Togiai.

Accordingly it is ORDERED, ADJUDGED AND DECREED that Togiai shall be registered as the holder of the matai name Mao of Ofu. The Registrar of Titles will be so advised.

Court costs in the sum of $12.50 are hereby assessed against Ili, the same to be paid within 2 weeks.